

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEMAL S. YON, LaSHAWN MILLER, NATHAN ANDREWS, DAVID STANCIEL, and BRIAN BOONE,<br><br>Plaintiffs,<br><br>v.<br><br>POSITIVE CONNECTIONS, INC.; and MICHAEL D. PERRY,<br><br>Defendants. | No: 04 C 2680<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Kemal S. Yon, LaShawn Miller, Nathan Andrews, David Stanciel, and Brian Boone, filed suit against Defendants, Positive Connections, Inc. and Michael D. Perry, in state court. Thereafter, Defendants removed the action to federal court. Plaintiffs allege that Defendants violated: (1) the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1; and (2) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201.

Presently before the Court is Miller's Motion for Class Certification of his Illinois Minimum Wage Law Claim only. Miller, a bus driver employed by Defendants, seeks to certify a class of all bus drivers employed by Defendants since March 8, 2001, who worked in excess of forty hours in any individual work week but who were not paid overtime pay at one-and-one-half times their regular hourly rate.

## LEGAL STANDARD

"The Federal Rules of Civil Procedure provide the federal district court with broad discretion to determine whether certification of a class action lawsuit is appropriate." *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998) (quotation and citation omitted). In determining whether the class action requirements are met, "a judge should make whatever factual and legal inquiries are necessary under Rule 23." *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 676 (7th Cir. 2001) (*Szabo*).

To receive class certification, Miller must satisfy all four elements of Federal Rule of Civil Procedure 23(a), which include: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Miller must also satisfy at least one of the three provisions under Federal Rule of Civil Procedure 23(b); Miller attempts to meet the requirement of Rule 23(b)(3).

Defendants contend that Plaintiff has failed to meet all these requirements. Defendants further contend that Plaintiff is not entitled to relief under the Illinois Minimum Wage Law.

## ANALYSIS

*The Illinois Minimum Wage Law*

Defendants contend that Miller's motion for certification should fail because the putative class members cannot succeed on the merits and cite *Szabo*, 249 F.3d at 675-76. However, *Szabo* does not permit a court to reach the merits of a matter in deciding class certification but, rather, only make the factual and legal inquiries necessary to determine whether a class should be certified. *Belbis v. County of Cook*, No. 01 C 6119, 2002 WL 31600048, at *6 (N.D. Ill. Nov. 18, 2002).

2

*The Requirements of Rule 23(a)*

Defendants dispute whether Miller has met the four requirements of Rule 23(a) for class certification.

Federal Rule of Civil Procedure 23(a)(1) requires that the class be so numerous that joinder of all the members is impracticable. A plaintiff does not need to demonstrate the exact number of class members as long as a conclusion is apparent from good-faith estimates. *Peterson v. H & R Block Tax Servs.*, 174 F.R.D. 78, 81 (N.D. Ill. 1997). "Common sense assumptions" can be made in order to support a finding of numerosity. *Grossman v. Waste Management, Inc.*, 100 F.R.D. 781, 785 (N.D. Ill. 1984). However, conclusory allegations that joinder is impracticable or speculation about the size of the class may not be relied upon to prove numerosity. *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989).

Defendants contend that the proposed class is exceedingly small because there are only approximately ten people who would qualify. Miller has shown that from five pay periods, thirty-nine different employees on eighty-seven different instances worked in excess of forty hours per week without receiving overtime pay. No discovery cut-off has yet been set; the proposed class seeks to recover overtime for pay periods in three years; and Defendants employed more than two-hundred bus drivers over the last three years. It is likely that more class members may subsequently be discovered. Accordingly, the proposed class meets the numerosity requirement.

Commonality exists under Rule 23(a)(2) if the class members share common questions of law or fact. The requirement is usually satisfied when a common nucleus of operative facts unites a class. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The presence of some

factual variations among the class members does not defeat commonality, so long as there is at least one question of law or fact common to the class. *Rosario*, 963 F.2d at 1017. Defendants contend that commonality is not present because Miller was one of the few bus drivers who worked longer hours during special charter trips, as opposed to morning and afternoon school routes and, further, that Miller's claims are not common because he double-billed several hours per day by submitting time records for the same work to different supervisors. Despite Defendants' arguments, the claims presented by the proposed class contain common questions of law and fact. The common issues to be resolved concern whether the members of the proposed class each worked in excess of forty hours and whether the proposed class members were paid overtime wages.

The typicality requirement of Rule 23(a)(3) is closely related to the commonality requirement of Rule 23(a)(2). *Ruiz v. Stewart Associates, Inc.*, 171 F.R.D. 238, 242 (N.D. Ill. 1997). A plaintiff's claim is typical if it: (1) arises from the same event, practice, or course of action that gives rise to the claims of other class members; and (2) the claims of the plaintiff and the class members are based on the same legal theory. *Rosario*, 963 F.2d at 1018. Defendants argue that Miller's claim is not typical because each potential class member's claim will have to be individually scrutinized. Defendants also argue that each Plaintiff's FLSA claim will have to be reviewed under an exception, 29 U.S.C. § 207(n). However, Miller's claim and the claims of the potential class members arise from the same course of action – the alleged failure to pay overtime pay. These claims are based upon the same legal theory, as well. Finally, whether an

exception applies to Plaintiffs' FLSA claims, as argued by Defendants, is not now relevant to determining whether a class for the IMWL claim should be certified. Therefore, the typicality requirement is also met.

The class representatives must also "fairly and adequately protect the interests of the class". Fed. R. Civ. P. 23(a)(4). Two factors are used to determine whether the class is adequately represented. First, no conflicts of interest must exist between the named plaintiff and the class members. *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 58 (N.D. Ill. 1996). Second, the named plaintiff's counsel must adequately protect the interests of the class by being qualified, experienced, and generally able to conduct the proposed litigation. *Rosario*, 963 F.2d at 1018. Miller's attorney appears qualified, experienced, and capable to conduct this litigation; and no conflicts of interest between Miller and the class members have been shown. Miller's counsel will adequately protect the interests of the class.

*The Requirements of Rule 23(b)(3)*

Rule 23(b)(3) requires "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to the available methods for the fair and efficient adjudication of the controversy."

Defendants contend that Miller's proposed class action fails to meet the superiority requirement of Rule 23(b)(3) and argue that certifying a class action based on the IMWL and Rule 23 would circumvent the requirements of the FLSA. Rule 23 includes all class members unless they specifically choose to "opt-out." To the contrary, the FLSA makes a "crucial policy decision" and requires all potential class members to "opt-in." *McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574, 577 (2004) (citation omitted). Thus, Defendants argue that Miller would

5

circumvent the federal policy by bringing a class action under similar state law claims here in federal court.

>   Several judges in this district have agreed with the rationale supporting this argument.
>
>   Were we to certify a class action for [the plaintiff's] supplemental state claims based on the same facts and issues underlying [the plaintiff's] federal claim, we could very well be left with the rather incongruous situation of a[] [Fair Labor Standards Act] "class" including only a tiny number of employees . . . with a state-law class that nonetheless includes all or nearly all of the companies' present or former employees. To do so would effectively "allow a federal tail to wag what is in substance a state dog."

*McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574, 577 (N.D. Ill. 2004) (Castillo, J.) (quoting *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 310 (3d Cir. 2003) (*De Asencio*)) (other internal citations, quotations, and alterations omitted). Similarly, in *Rodriguez v. The Texan, Inc.*, the court held "[t]hat the policy and the underlying congressional intent would be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state statutes that lack such an opt-in requirement." *Rodriguez v. The Texan, Inc.*, No. 01 C 1478, 2001 WL 1829490, at *2 (N.D. Ill. Mar. 7, 2001) (Shadur, J.). In *Harper v. Yale Int'l Ins. Agency, Inc.*, No. 03 C 3789, 2004 WL 1080193, at * 5 (N.D. Ill. May 12, 2004) (Pallmeyer, J.), the court stated:

>   In this case, Plaintiffs have opted to file their complaint in federal court, so there is no concern that Defendants have strategically removed the case to avoid a class action lawsuit. Plaintiffs, however, have arguably subverted congressional intent in creating the FLSA opt-in procedure by choosing to seek class certification of their [Illinois Minimum Wage Law] claims instead of pursuing an FLSA collective action.

In *Muecke v. A-Reliable Auto Parts & Wreckers, Inc.*, No. 01 C 2361, 2002 WL 1359411, at *2 (N.D. Ill. June 25, 2002) (Kennelly, J.), the court noted that allowing class certification of the IMWL claims would create the "rather incongruous situation of an FLSA 'class' including only a tiny number of employees who are interested in seeking back wages, with a state-law class that nonetheless includes all or nearly all of the companies' present or former employees." Finally, in *De La Fuente v. FPM Ipsen Heat Treating, Inc.*, No. 02 C 50188, 2002 WL 31819226, at *2 (N.D. Ill. Dec. 16, 2002) (Reinhard, J.), the court expressed its concern about certifying a state law class while the opt-in period for the FLSA claim was still open would confuse potential class members and, therefore, refused to certify the IMWL class action.

The reasoning of these opinions is compelling when the plaintiff has filed both federal and Illinois wage claims in federal court and seeks class certification on both. That is not the case here. Miller filed this action in an Illinois court where the claim under the IMWL, using the "opt out" provisions, would probably produce more class members than the FLSA claim, which was joined.

To permit Defendants to remove this case to federal court and then prevent class certification of the IMWL claim on the grounds of Rule 23(b)(3) would effectively require Plaintiff to maintain a class action on the IMWL claim in state court and the FLSA claim in this court. This would be unfair and inefficient. Therefore, a class action on the IMWL claim is "superior to the available methods for the fair and efficient adjudication of the controversy."

## **CONCLUSION**

For the foregoing reasons, Miller's Motion for Class Certification of his Illinois Minimum Wage Law Claim is granted.

Dated: February 2, 2005

JOHN W. DARRAH
United States District Judge